## CIRCUIT COURT OF HENRICO COUNTY

Phyllis Campbell Wynn

v.

Ollie Shelton Wynn

May 18, 1989

Case No. CH85001130-00

By JUDGE JAMES E. KULP

This matter is before the Court on exceptions by each party to the Report of the Commissioner in Chancery. The Court now having heard argument on the various objections renders this opinion.

### I. *Plaintiff's Exceptions*

The plaintiff's first exception is that the Commissioner incorrectly found the property located at 2101 Rose Avenue to be the separate property of the defendant rather than marital property subject to equitable distribution.

The evidence presented before the Commissioner establishes that the Rose Avenue property was purchased by the defendant a month prior to the marriage of the parties and is titled solely in defendant's name. Shortly after the marriage a separate checking account was opened into which was deposited the rents from the Rose Avenue property. This account was used to pay the mortgage, taxes, repairs, etc., connected with this piece of property. While this checking account was in the joint name of the parties, there was evidence before the Commissioner that this was done to facilitate the payment of bills related to the

Rose Avenue property should the defendant not be available to sign the checks. The other evidence established that although plaintiff made no financial contributions to the acquisition of this property, she did write checks for the property's expenses, conveyed messages from tenants to the defendant, and assisted in other ways with the property.

Section 20-107.3(A)(1) of the Code of Virginia creates a rebuttable presumption that property acquired before the marriage is separate property. Plaintiff urges the Court to find that this property has become marital property under the doctrine of transmutation first recognized in *Smoot v. Smoot*, 233 Va. 435 (1987). In *Smoot* the Supreme Court held that "when a spouse fails to segregate and instead commingles separate property with marital property, the commingled property must be classified as marital property." *Id.* at 441. In an effort to establish commingling of marital property with the separate property, the plaintiff claims that a joint income tax refund was placed into the separate Rose Avenue account and used to pay expenses related to this property. The evidence of commingling was never fully developed by the evidence, and the Commissioner found no evidence "that would do more than show concern and cooperation by the plaintiff wife in the management of this property . . ." (Commissioner's Report, p. 4). The Commissioner heard the parties' evidence and was in the best position to weigh it. In this respect the Court cannot say that the Commissioner's finding is unsupported by the evidence. *See Hill v. Hill*, 227 Va. 569 (1984); *Jamison v. Jamison*, 3 Va. App. 644 (1987).

Recently, the Court of Appeals in *Lambert v. Lambert*, 6 Va. App. 94 (1988), recognized that transmutation of separate property into marital property may occur where there is an appreciation in value of the separate property due to the efforts of either or both of the parties during the marriage. This theory is not applicable, however, where the appreciation in value is caused by economic factors. *Id* at 104. The record reflects that the parties stipulated that this property was purchased on May 20, 1977, for $21,950, and that on the date of separation the property was valued at $39,000. The Court is unable to determine from the record that this appreciation in value was from other than economic conditions. The party

making a claim has the burden of producing sufficient evidence to prove the claim.

For these reasons, the Court affirms the finding that the Rose Avenue property was the separate property of the defendant.

The plaintiff's next exception is that the Commissioner's monetary award to plaintiff is inadequate in that it failed to include any award for plaintiff's equitable interest in the Rose Avenue property. In view of the fact that the Court has found that the Commissioner's ruling with respect to the Rose Avenue property was correct, the Court must overrule this objection.

## II. *Defendant's Exceptions*

The defendant has filed three exceptions to the Commissioner's Report. He takes exception to: (1) the Commissioner's finding that "the monetary and non-monetary contributions to the acquisition of the jointly owned property was deemed substantially equal as between the parties . . . the evidence indicated a greater contribution by wife to the acquisition of marital property claimed by her."; (2) the Commissioner's recommendation that "the defendant husband's economic position is better, taking into account the title to all properties"; and (3) the Commissioner's recommendation that the defendant husband pay a monetary award of $40,000.00 to the plaintiff wife.

The essence of defendant's exceptions is that the Commissioner failed to apply the factors of § 20-107.3(E) to the facts of this case. In argument and in his memorandum the defendant argues that as to the property located at 1719 North 27th Street, 1713 North 28th Street, and 332 Grayson Street the Commissioner's finding that these properties are marital is unsupported by the evidence. The defendant asserts that the evidence is uncontradicted that these properties were purchased from funds derived from his separate property located at Rose Avenue. The argument continues that these three properties should also be his separate rather than marital property. Further, the defendant argues that if these are his separate property, the recommendation of a monetary award is also incorrect.

Prior to the Commissioner's hearing, the parties entered into a stipulation that these thee pieces of property were presumed to be marital property in the absence of satisfactory evidence that they were separate property. The defendant urges that he has carried his burden of proving that these thee properties are his separate property.

The Court is unable to determine from the Commissioner's Report whether he resolved this issue, and if so, upon what evidence he relied.

Accordingly, the Court will refer this matter back to the Commissioner to report further as to the status of these three pieces of property as separate or marital. In this connection the Commissioner should consider the source of the funds to purchase these properties, any nonmonetary contributions to the acquisition, care and maintenance of such properties, and any other matters relating to these three properties which the Commissioner believes appropriate.

Since this matter is being returned to the Commissioner to deal with these three properties, the Court will also return to the Commissioner the question of any monetary award, as such may be affected by the conclusion as to whether these three properties are separate or marital.

The Court would direct the Commissioner to report promptly to the Court his disposition of these issues.