COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


MARK SELORM PONGO

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0282-06-4                          JUDGE JAMES W. HALEY, JR.
                                                             MARCH 13, 2007
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                              Arthur B. Vieregg, Judge

              Michael G. Nye, Assistant Public Defender (Office of the Public
              Defender, on briefs), for appellant.

              J. Robert Bryden, II, Assistant Attorney General (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Convicted by jury of a felony third offense of driving while intoxicated ("DWI"), Mark

S. Pongo ("appellant") maintains the evidence is insufficient to demonstrate he was represented

by counsel at a predicate conviction.  Finding that evidence sufficient, we affirm.

                                          FACTS

        The appealed conviction was enhanced in part by a predicate conviction for DWI, entered

by the General District Court of Fairfax County on December 15, 2004.  In the instant

proceedings, the Commonwealth introduced a certified copy of the warrant reflecting that district

court conviction.  The warrant contains a space designated "Defendant's Attorney Present

(name)," and the court wrote in the name "Beckwith."  The warrant shows that appellant pled

"guilty" and disposition was pursuant to a "plea and recommendation."  That recommendation

───────────────

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

apparently was a fine of $800 with $400 suspended; 60 days in jail, all of which was suspended; and a one-year restricted license based upon participation in an alcohol safety action program.

Appellant had also been charged with unreasonable refusal to take a blood or breath test when he was arrested for the DWI that led to the December 15, 2004 conviction. That charge was likewise heard on December 15, 2004. A certified copy of that warrant likewise had inserted the name "Beckwith," as counsel, and it included the following disposition: "I order a nolle prosequi on prosecution's motion" with the handwritten notation "(plea)." Judge L. Nordlund signed the records.

Called as a witness by appellant in the instant proceedings, attorney Gregory Beckwith testified that he had, in fact, been in general district court before Judge Nordlund on December 15, 2004, where he had two scheduled cases. Beckwith testified that he spoke with appellant at the courthouse that day but had no specific recollection regarding whether he actually represented appellant or "[went] up to the podium with [appellant] when his case was called." Beckwith remembered only that appellant approached him in the hallway adjacent to the courtroom and told Beckwith that his attorney, Patrick Grace of Prince William County, could not be there to represent him. Beckwith had no records indicating whether he had represented appellant. Beckwith testified that "[he had] been asked by the General District Court Judges [on prior occasions] to stand in . . . for maybe somebody who didn't have a lawyer and they want to get it resolved that day." Beckwith said that in such an instance he would not have created a file. He acknowledged that resolution of cases by plea and recommendation usually occurs when counsel represents a defendant and counsel has discussed the matter with the Commonwealth's attorney. Beckwith also testified that when a refusal charge was disposed of by *nolle prosequi*, it was usually the result of an agreement between the Commonwealth and defense counsel that the client would plead guilty to the DWI.

Appellant acknowledged that Mr. Grace was not present on December 15, 2004 and that he talked to Mr. Beckwith. He testified he thought Mr. Beckwith was the Commonwealth's attorney, but that Beckwith "said no, he wasn't the prosecutor so he was there to talk to the prosecutor too." Appellant testified he himself "negotiated" with the prosecutor. Appellant's counsel then posed the following narrowly phrased questions:

> Q. [C]ould you tell me whether you had Mr. Beckwith or any other attorney at your side when you went up to the podium?
>
> A. No. I did not.
>
> \* \* \* \* \* \* \*
>
> Q. Were you alone at the podium?
>
> A. I was.

Appellant testified he pled guilty to both the DWI and the unreasonable refusal charges.

Appellant introduced a copy of his DMV transcript, which represented, in contrast to the district court documents, that he did not have counsel at the time of his December 15, 2004 conviction for DWI.

Appellant raised the issue of the propriety of the introduction of the certified copy of the district court records pertaining to the December 15, 2004 conviction by a motion *in limine*. At the conclusion of the hearing on the motion, and after reciting its review of all the evidence, the trial court found as follows: "From all these circumstances I conclude that the defendant had the advice of counsel when his plea of guilty was received and his suspended sentence was imposed."

## ANALYSIS

When "a prior conviction is collaterally attacked in a subsequent proceeding, the Commonwealth is entitled to a presumption of regularity which attends the prior conviction because every act of a court of competent jurisdiction shall be presumed to have been rightly

done, till the contrary appears." Samuels v. Commonwealth, 27 Va. App. 119, 123, 497 S.E.2d 873, 875 (1998) (citations omitted). Further, "[a]n appellate court will not disturb a trial judge's factual finding unless it is plainly wrong or without evidence to support it." Id. at 125, 497 S.E.2d at 876 (affirming the trial court's factual finding that appellant was represented by counsel in a prior conviction).

The proof required for assigning the presumption of regularity in prior uncounseled conviction cases is stated by this Court in James v. Commonwealth, 18 Va. App. 746, 446 S.E.2d 900 (1994):

> We hold that the Commonwealth satisfies its burden of going forward when it produces a properly certified conviction from a court of competent jurisdiction which appears on its face to be a valid final judgment, provided that in all felony cases and those misdemeanor proceedings where imprisonment resulted, there is evidence establishing that the defendant was represented by or properly waived counsel in the earlier criminal proceeding. "Upon such a showing by the [Commonwealth] the doctrine of 'presumption of regularity' is then applied, and unless the defendant presents credible evidence that there is some constitutional infirmity in the judgment it must stand." A silent record or the mere naked assertion by an accused that his prior counseled plea was not made knowingly and intelligently is insufficient.

18 Va. App. at 752, 446 S.E.2d at 904 (quoting State v. Moeller, 511 N.W.2d 803, 809 (S.D. 1994)) (citation omitted). The Commonwealth's evidence met the initial burden sufficient to raise the presumption of regularity with respect to appellant's December 15, 2004 conviction. See Samuels, 27 Va. App. at 123, 497 S.E.2d at 875. Appellant argues, however, that this presumption of regularity had been sufficiently rebutted by three pieces of evidence. We consider each in turn.

As to appellant's testimony that his conviction was uncounseled, this Court has held that, "In its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused . . . ." Marable v. Commonwealth, 27 Va. App. 505, 509-10, 500

- 4 -

S.E.2d 233, 235 (1998).  We note that appellant admitted speaking to Mr. Beckwith on the day in question, and apparently in the presence of the prosecutor, but stated only that Mr. Beckwith *did not accompany him to the podium when he pled guilty*.  However, the inconsistency between appellant's testimony that he had pled guilty to both charges and the existence of a plea agreement resolving them supports the trial court's decision to discount appellant's testimony.

Appellant also relies on the testimony of Mr. Beckwith.  The trial court noted that, "Mr. Beckwith has not testified that he did not represent [appellant].  He's testified he does not *recall* representing him . . . ."  (Emphasis added).  Indeed, Mr. Beckwith testified (1) that he had, on prior occasions at the request of the court, "[stood] in" as counsel for individuals who wished to have their charges resolved on a particular day, and (2) that the disposition of appellant's two charges on December 15, 2004 was consistent with a plea agreement negotiated between the Commonwealth and counsel.  This testimony supports, rather than negates, the proposition that Mr. Beckwith represented appellant on that date.  Moreover, it necessarily follows that, unless Mr. Beckwith or appellant told Judge Nordlund that the former represented the latter, the judge could not have known what name to place on both warrants in the space indicated for counsel.

Finally, appellant relies upon the words, "Counsel: None," on the DMV transcript.  This Court has previously held that "[a]lthough a respondent may present evidence that tends to rebut or refute the prima facie presumption of law that [a conviction is] valid, nevertheless, that evidence must be weighed by the trier of fact to determine whether it overcomes the presumption."  Moffitt v. Commonwealth, 16 Va. App. 983, 987, 434 S.E.2d 684, 687 (1993).  Further, this Court has noted that "'[a] presumption of law cannot be said to be rebutted where the [credible] evidence . . . for and against the presumption is equally balanced.'"  Lambert v. Lambert, 6 Va. App. 94, 101, 367 S.E.2d 184, 188 (1988) (quoting Rowe v. Rowe, 144 Va. 816, 822, 130 S.E. 771, 772 (1925)).

Although the DMV transcript had evidentiary value, the district court's records—which were made contemporaneously with the proceedings and were supported by the testimony of Mr. Beckwith and appellant's admission that he spoke with Beckwith that day—were entitled to the presumption of regularity, and the evidence supported the trial court's conclusion that the DMV transcript was insufficient to rebut that presumption.

<u>Affirmed.</u>