COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Ortiz and Chaney
Argued at Fairfax, Virginia


HAROLD CLEVELAND HACKSTALL, JR.

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0575-24-4                      JUDGE DANIEL E. ORTIZ
                                                    OCTOBER 28, 2025

APRIL LAQUAR HACKSTALL


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
James A. Willett, Judge

Michael L. Daniels (Gabrielle A. Best Husband; Michael L. Daniels,
PLC), for appellant.

No brief or argument for appellee.


Harold Cleveland Hackstall, Jr. (husband) appeals the trial court's judgment granting

April Laquar Hackstall (wife) one-third of the equity in the marital home.  He also argues that

the trial court erred in sustaining wife's objection to his cross-examination about wife's

retirement account and by awarding her attorney fees.  On review, we find that the trial court did

not err in any of these three decisions, and affirm.[1]

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] We deny wife's motion to dismiss.

BACKGROUND[2]

In 2008, Husband alone purchased what became the marital home. Husband and wife then lived in the home after they married in May 2011. During the marriage, husband and wife pooled their incomes to pay the mortgage on the home. In 2021, husband and wife separated. Wife filed for divorce and sought equitable distribution of the marital property.

Claiming that husband had not responded to her interrogatories or requests for production of documents, wife moved the trial court to compel discovery. Among other things, wife asked husband to identify "all property" he claimed to have an interest in, whether separate or marital, and provide documents related to his retirement account statements. The trial court ordered him to provide complete answers and all requested documents to wife within 21 days. That deadline passed with no response from husband, so the trial court ordered husband to comply with its previous order or, among other things, be prohibited from "introducing certain designated matters in evidence relevant to the discover[y] propounded upon him" and pay wife's attorney fees. Husband provided responses, but the trial court found that he had not complied with its previous order, so the trial court sanctioned husband by barring him from "presenting argument, testimony, evidence, and facts based on anything not produced in discovery by September 15, 2022," and awarding wife attorney fees.

Additionally, before trial, the parties agreed to a scheduling order, part of which required them to declare which assets they sought via equitable distribution. In a letter attached to his schedules (which the court received on September 25, 2023, well after the court's deadline), husband stated that he was "not seeking equitable distribution in this matter, per se, but [was] submitting these schedules as a summary of the evidence" that he believed would be admissible

---

[2] This Court views "the evidence in the light most favorable to the prevailing party," wife, granting her the benefit of any reasonable inferences. *Shah v. Shah*, 70 Va. App. 588, 591 (2019) (quoting *Congdon v. Congdon*, 40 Va. App. 255, 258 (2003)).

at trial. Among other things, husband's equitable distribution schedules requested half of wife's Nando's 401(k) retirement account. Wife asked the trial court to find that the account was her separate property. After exchanging schedules, the parties agreed that retirement accounts remained a disputed aspect of equitable distribution.

At trial, William Hernandez, a licensed real estate appraiser, valued the marital home at $280,000 as of the date the parties married, and $527,000 as of the date of the hearing. Hernandez attributed the home's increase in value to market forces, low interest rates, a low housing supply, and the pandemic. Hernandez did not think that improvements to the home, including new flooring and appliances, increased its value. Wife also presented evidence that just before the marriage, in 2010, the home had a mortgage balance of $288,656. In 2023, the home had a mortgage balance of $223,509.91.

During trial, husband called wife to ask questions about her retirement account. Wife objected, arguing that husband's pretrial letter stated that he was not seeking equitable distribution. Husband responded that although he had not sought equitable distribution, that because *wife* requested that relief, all their marital property was subject to distribution, so questions on that issue were proper. The trial court sustained wife's objection, finding that husband was precluded from asking questions about wife's retirement account under its order sanctioning husband for his discovery violation.

The trial court used the $527,000 valuation and outstanding mortgage balance of $223,509.91 to find that the marital home had $303,490.09 in equity. It ruled that once wife showed that marital property was used to make mortgage payments, husband had the burden of showing what portion of the home's increase in value was attributable to other causes. It found that husband failed to carry that burden because he failed to show "what amount of the equity in the home was attributable to the economy or to market force." But, the court "credited" him

with a third of the equity in the home "for the first five years because [the house] was his sole property at that time" and gave each party one of the remaining two-thirds.

As for attorney fees, wife claimed that she had to file more than 15 subpoenas due to husband's failure to comply with discovery requests. She asked for husband to pay all $90,439.89 of her attorney fees. Her attorney provided an affidavit attributing $18,444.98 of the fees to discovery-related issues, including the 15 subpoenas. The trial court found that husband failed to comply with his discovery obligations and the court's related orders and awarded wife $20,000 in attorney fees.

Husband asked the trial court to reconsider its ruling dividing the house and sustaining wife's objection to his questions about wife's retirement account. In wife's response, she asked for additional attorney fees incurred to address husband's motion. Wife's attorney submitted an affidavit stating that wife had incurred $6,185 in fees responding to husband's motion. The trial court denied husband's motion and awarded wife her attorney fees.

Husband also asked the trial court to reconsider its $20,000 attorney fees award. Husband argued that wife had lied about not receiving documents from him and sending more than 15 subpoenas. The trial court denied the motion, finding that the fees were reasonable under the circumstances because of husband's failure to provide discovery and his subsequent violation of the court's orders to compel and for sanctions.

Husband appeals.

ANALYSIS

I. Equitable Distribution of the Marital Home

"[A]ll trial court rulings come to an appellate court with a presumption of correctness." *Sobol v. Sobol*, 74 Va. App. 252, 272 (2022) (alteration in original) (quoting *Wynnycky v. Kozel*, 71 Va. App. 177, 192 (2019)). "Because making an equitable distribution award is often a

difficult task, 'we rely heavily on the discretion of the trial judge in weighing the many considerations and circumstances that are presented in each case.'" *Id.* (quoting *Howell v. Howell*, 31 Va. App. 332, 350 (2000)). So we will not overturn a circuit court's equitable distribution absent an abuse of discretion, misapplication or wrongful application of the equitable distribution statute, or lack of evidence to support the award. *Id.*

Equitable distribution requires three steps: classification, valuation, and distribution. *Hamad v. Hamad*, 1 Va. App. 593, 602 (2013). To that end, the trial court must determine the legal ownership and value of the parties' separate, marital, and hybrid property. Code § 20-107.3(A). Separate property includes "all property, real and personal, acquired by either party before the marriage." Code § 20-107.3(A)(1). Marital property includes "all other property acquired by each party during the marriage which is not separate property." Code § 20-107.3(A)(2). Spouses have a right upon divorce to an equitable share of marital, but not separate, property. *David v. David*, 287 Va. 231, 237 (2014).

When separate property increases in value during a marriage, "such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases." Code § 20-107.3(A)(3)(a). "[T]he *nonowning* spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value." *Id.* (emphasis added); *see also David*, 287 Va. at 240 (holding that "a presumption of causation is created upon the non-owning spouse's satisfying his or her statutorily imposed burden of proof"). "Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort." *Id.*

The statutory definitions and this framework of burden-shifting guide our analysis here. Husband purchased the home three years before the marriage and continued to make mortgage

payments for two years after the couple separated. The trial court classified the home as separate property because it was purchased by husband alone. Wife, however, met her burden under § 20-107.3(A)(3)(a) to demonstrate that "contributions of martial property . . . were made" to paying down the mortgage and the home increased in value. Wife did so by introducing bank and mortgage statements demonstrating that the mortgage was paid down with marital funds during the marriage and through her expert's testimony of the home's increase in value. Therefore, the court held that at least a portion of the home was transmuted to marital property. The burden then shifted to husband to prove that the increase in the home's value was "attributable to the economy or to market forces." *See* Code § 20-107.3(A)(3)(a). The trial court held that husband failed to do so and therefore "failed to prove what his separate interest in the home was." For that reason, the court correctly classified the home's increase in value as marital property, and its duty was to distribute it as such.

Although husband was barred from presenting evidence, he claims that his cross-examination of Hernandez, who testified that the home's increase in value was due only to "market forces," was enough to meet his burden. Husband argues that this testimony establishes that there was no link between the contribution of marital funds to the home and its increase in value. We disagree.

As we recognized in *Spaid v. Spaid*, No. 0021-22-4, slip op. at 7, 2022 Va. App. LEXIS 538, at *10 (Oct. 25, 2022),[3] husband's burden under § 107.3(A)(3)(a) was to *disprove* wife's assertion that the home's increase in value was attributable to martial contributions. Like *Spaid*, husband's "general argument that the . . . home increased in value due to 'the economy' failed to meet [his] burden" because he failed to prove "what amount of equity in the home was

---

[3] Unpublished opinions have no precedential value and serve as persuasive authority only for this Court. *See* Rule 5A:1(f). That said, because of the factual similarities between these issues, we see no need to reinvent the wheel and so use our prior analysis as a touchstone.

attributable to 'the economy.'" *Id.* Therefore, wife's demonstration that the home's increase in value was marital property must stand. *Id.* Nothing in the record suggests that the trial court misapplied Code § 20-107.3(A)(3)(a) in making this determination. We therefore agree that the home's increase in value was marital property and the trial court was free to divide the equity in the home under its discretion using the factors in § 20-107.3(E).

In doing so, it was not an abuse of discretion for the trial court to divide the equity into three equal portions and "credit" husband for the years before the marriage he solely paid the mortgage. Under Code § 20-107.3(E), trial courts may consider a number of factors in distributing marital property, including "the contributions . . . of each party in the acquisition . . . of [the] marital property." *See* Code § 20-107.3(E)(2); *see also Lambert v. Lambert*, 6 Va. App. 94, 104 (1988) (The "iniquity" of transmuting separate property into marital property can be balanced through the trial court's consideration of "the contribution of each party in acquiring, preserving, and maintaining property."). Considering the flexibility that Code § 20-107.3(E) grants courts in crafting equitable distribution awards, this division of the equity in the home lies firmly on the bell curve of what reasonable jurists would have done. We therefore affirm the court's judgment.

## II. Husband's Questions About Wife's Retirement Account

"Appellate courts review a circuit court's ruling on the admissibility of evidence under an abuse of discretion standard." *Davenport v. Util. Trailer Mfg. Co.*, 74 Va. App. 181, 206 (2022). "A court always abuses its discretion when it makes an error of law." *Id.* The circuit court also abuses its discretion: "(1) by failing to consider a relevant factor that should have been given significant weight, (2) by considering and giving significant weight to an irrelevant or improper factor, and (3) by committing a clear error of judgment, even while weighing 'all proper factors.'" *Id.* (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013)).

Husband argues that the trial court erred by barring him from questioning wife about her retirement account for purposes of equitable distribution. We disagree; this was the natural consequence of husband's discovery violations. Husband failed to disclose any such claim in discovery (and indeed, failed to disclose much discovery at all), despite wife directly asking him to do so in her interrogatories. When husband failed to provide discovery, the trial court barred him from presenting evidence about *anything* that he had not produced by the discovery deadline. The sanctions order therefore barred him from claiming an interest in wife's retirement account at trial if not previously provided, which included questioning wife on the matter. It was not an abuse of discretion for the trial court to enforce its sanctions order by barring this line of questioning, and we affirm on this issue.

### III. Attorney Fees

In divorce proceedings, trial courts may award costs to either party "as equity and justice may require." Code § 20-99. Trial courts "may consider factors including 'ability to pay a fee, the party's degree of fault in bringing about the dissolution of the marriage, and whether the party unnecessarily increased litigation costs through unjustified conduct.'" *Yazdani v. Sazegar*, 76 Va. App. 261, 273 (2022) (quoting *Rinaldi v. Rinaldi*, 53 Va. App. 61, 78 (2008)).

Husband takes issue with the trial court's grant of wife's attorney fees related to discovery and his motion to reconsider. Below, the trial court granted each request (while denying other portions of wife's attorney fees), specifically noting that the discovery fees were "attributable to his failure to comply with the rules of [c]ourt and the [o]rders of th[e] [c]ourt." Given the prolonged litigation over discovery in this case and the court's limited grant of wife's numerous fee requests, we cannot say that this was an abuse of discretion; we therefore affirm.[4]

---

[4] This Court has discretion as whether to award attorney's fees on appeal. Rule 5A:30(b). Upon consideration of "all the equities of the case," Rule 5A:30(b)(2)(C), we decline to award

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

husband his appellate costs and attorney's fees. *See O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 695 (1996).