# American Small Business Investment Company

## v.

## W. David Frenzel, Trustee

Record No. 871237

September 22, 1989

Present: All the Justices

*Mark P. Friedlander, Jr. (Friedlander & Friedlander, P.C.*, on brief), for appellant.

*John F. Lanham (Hall, Monahan, Engle, Mahan & Mitchell*, on brief), for appellee.

Justice Lacy delivered the opinion of the Court.

On April 4, 1962, Frank E. Saunders and his wife conveyed to Thomas R. Rees two separate but adjoining parcels of land in Loudoun County, parcels A and B. On the same day, Rees and his wife placed a deed of trust on parcel A, conveying it in trust to Wilbur C. Hall, Trustee to secure a debt. Parcel A consisted of approximately 20.25 acres while parcel B consisted of approximately 5 acres. Both parcels were bounded on the northeast by state route 7 and parcel B was bounded on the southeast by state route 654.

On August 6, 1965, the Commonwealth, by condemnation proceedings, took title to approximately 7.25 acres of parcel A for the purpose of constructing an entrance ramp onto a limited access highway. The condemned acreage ran in a strip from the northeast corner of parcel A where it met parcel B to the middle of the southwest boundary. The condemnation created an irregular portion of parcel A shaped somewhat like a triangle which was bounded by parcel B, an unknown party's land, and the limited access entrance ramp. (See Fig. 1.)

Figure 1

Three days after the condemnation, on August 9, 1965, Rees conveyed both parcels to Loudoun Square, Inc. (Loudoun Square). Parcel A remained subject to the April 4, 1962, deed of trust. In 1966 Loudoun Square defaulted on the deed of trust and the trustee foreclosed. American Small Business Investment Company (ASB) purchased parcel A, less the land condemned by the Commonwealth, at the trustee's sale on September 23, 1966. ASB presently owns parcel A.

Parcel B subsequently was conveyed to Perry Winston and Reed Johnson by Loudoun Square on March 26, 1969. On October 11, 1973, Winston and Johnson conveyed parcel B to the present owner, W. David Frenzel, Trustee.

In 1985, ASB requested the Commonwealth, which by then held title to all the land along the southwest boundaries of both parcels A and B, to grant it an easement for ingress and egress to and from the triangular portion of parcel A, along the southern boundary of parcel B, to route 654. The Commonwealth refused.

In a proceeding for declaratory judgment filed February 24, 1986, ASB petitioned the trial court to declare that it had obtained a right of way by necessity over parcel B from its land-

locked portion of parcel A to route 654. ASB argued that the three elements of an easement by necessity were met: (1) Loudoun Square previously owned both A and B, the dominant and the servient estates; (2) a reasonable necessity arose when Loudoun Square lost title to parcel A by foreclosure under the deed of trust in 1966; and (3) by implication in the conveyance by deed of trust, Loudoun Square granted the landlocked portion of parcel A a right of way over parcel B to route 654.

The trial court, however, found that the date on which the necessity arose, if at all, was the day the Commonwealth condemned part of parcel A for a limited access highway. Since parcel B was not involved in that proceeding, the trial court reasoned that the condemnation, affecting parcel A only, did not carry with it an implied reservation of an easement over parcel B. Therefore, the trial court held that no easement by necessity existed over parcel B to route 654. We agree with the trial court's ruling that no easement by necessity was created, but we reach that conclusion in a different manner.

█ A right of way by necessity is based on the theory that when a grantor conveys property he does so in a manner which will allow beneficial use of both the property he conveys as well as any property he retains. This type of easement arises from an implied grant or implied reservation. *Middleton* v. *Johnston*, 221 Va. 797, 802, 273 S.E.2d 800, 803 (1981); *Fones* v. *Fagan*, 214 Va. 87, 90, 196 S.E.2d 916, 918-19 (1973); *Keen* v. *Paragon Jewel Coal Co.*, 203 Va. 175, 178, 122 S.E.2d 543, 546 (1961). It is essential to this theory that the necessity arise simultaneously with the conveyance. If the conveyance does not preclude the beneficial use of either the property conveyed or the property retained, an implied grant or reservation is unnecessary. The necessity cannot arise subsequent to the conveyance because "the necessity referred to is *the subjective necessity of the inference* that the parties so *intended at the time of the grant*" or reservation. 1 *Minor on Real Property* § 98 at 133 (2d ed. F. Ribble 1928) (emphasis in original).

█ To establish a right of way by necessity certain conditions must be met. First, the land must have been under common ownership at some time and this unity of title must have been severed. *Middleton*, at 802, 273 S.E.2d at 803. The severance must have given rise to the need for the right of way. Reasonable need for the easement must be proved by clear and convincing evidence

and it cannot be established if other access is available, even though the other access would be less convenient. *Fones*, at 90, 196 S.E.2d at 918-19.

■ Applying these rules to the present chain of events, we need search no further than the events of April 4, 1962. The unity of title existing in Saunders was continued in Rees when he purchased parcels A and B. On the same day, however, Rees placed a deed of trust on parcel A, thereby severing the unity of title. Placing a deed of trust on property is a conveyance and the legal title to the property conveyed is vested in the trustee. *Larchmont Homes, Inc.* v. *Annandale Water Co.*, 201 Va. 178, 182, 110 S.E.2d 249, 251-52 (1959). Therefore, as of April 4, 1962, legal title to parcel A was vested in Hall, while legal title to parcel B remained vested in Rees. When the unity of title was severed on that date there was no need for a right of way over parcel B because all of parcel A had access to route 7. As stated above, the implied easement of necessity must arise contemporaneously with the severance of the unity of title. Here the necessity did not arise until the condemnation proceedings in 1965, three years after unity of title had been severed. Therefore, ASB is not entitled to an easement by necessity over Frenzel's property. For the reasons stated above, we will affirm the judgment of the trial court.

*Affirmed.*