Present: Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy,
Hassell, and Keenan, JJ.

RICHARD F. DAVIS, ET AL.

v.  Record No.  941971     OPINION BY JUSTICE ELIZABETH B. LACY
                                    September 15, 1995
JOHN T. HENNING, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Frederick B. Lowe, Judge

In this appeal, we determine whether a parcel of land is
burdened by an easement which provides an adjacent parcel with
access to a public road.

In 1993, John T. Henning and David J. Cross filed a bill
of complaint seeking to prohibit Richard F. Davis and Amelia D.
Davis (collectively Davis) from using a dirt road that crosses
their property.  Davis responded to the bill of complaint,
asserting that he was entitled to use the road, relying on
theories of express easement, implied easement by necessity,
and implied easement based on prior use.  Following an ore
tenus hearing, the trial court held that the property owned by
Henning and Cross was not burdened with either an express or
implied easement and entered an injunction prohibiting Davis
from using the dirt road.  On appeal, Davis reasserts the same
arguments regarding his easement claim.

I.

The relevant facts are not in dispute.  Beginning in 1972,
Davis operated a business from a building located on the

---

[1] Justice Whiting participated in the hearing and decision of
this case prior to the effective date of his retirement on
August 12, 1995.

interior portion of a 7.103-acre tract owned by George J. Parker and his family. In the course of his business, Davis used a dirt road which extended from the building to Parker Lane, a public right of way. Through a series of transactions, the entire tract was sold to Parco Building Corporation (Parco). In 1978, Parco sold a portion of the 7.103-acre tract back to Parker. The portion sold contained the building and property utilized by Davis (the Davis parcel). In 1980, Parco executed a deed of easement granting Parker, his heirs and assigns, the use of the dirt road to access Parker Lane from the Davis parcel. Eleven days later, on July 22, 1980, Parker acquired the remainder of the 7.103-acre tract at a foreclosure sale. In 1984, Parker transferred all of the 7.103-acre tract, except the Davis parcel, to Parker Road Associates. The property conveyed by this transfer was ultimately purchased by Henning and Cross in 1988 (the Henning/Cross parcel).

In 1982, Davis executed a contract for the purchase of the Davis parcel, agreeing to pay Parker the purchase price in monthly installments. Through this contract and an indenture agreement, Davis acquired all of Parker's interest in the Davis parcel and Parker agreed to provide Davis with a good and marketable title to the property upon receipt of the entire purchase price. Legal title to the Davis parcel has not been transferred to Davis and is currently held by Parker's estate. Davis used and maintained the dirt road continuously prior to

this litigation.

## II.

Davis first asserts that his right to use the dirt road arises from an express easement. The parties agree that the easement created in the 1980 deed of easement from Parco to Parker was extinguished by the doctrine of merger when Parker acquired ownership of both the Davis parcel and the Henning/Cross parcel on July 22, 1980. Davis claims, however, that a second express easement was reserved for the benefit of the Davis parcel over the Henning/Cross parcel in the 1984 deed from Parker to Parker Road Associates. The language in the deed upon which Davis relies is as follows:

> This deed is made subject to . . . that certain easement of right of way granted to George J. Parker by deed of Parco Building Corporation, a Nevada Corporation, dated July 11, 1980 and duly of record in the Clerk's Office above mentioned in Deed Book 2026, at page 231.

Henning and Cross maintain that this language does not create or reserve an easement, but merely puts the grantee on notice of existing encumbrances which may apply to the property.

The source of disagreement over the effect of the deed provision is the interpretation of the phrase "subject to." We have previously considered the phrase "subject to" and stated that it is generally a phrase of "qualification and notice" and that it "does not create affirmative rights." S.L. Nusbaum & Co. v. Atlantic Virginia Realty Corp., 206 Va. 673, 679, 146 S.E.2d 205, 209 (1966). Such a general observation is not

dispositive of this case, however.

In construing deeds, it is the duty of the court to "ascertain the intention of the parties, gathered from the language used, and the general purpose and scope of the instrument in the light of surrounding circumstances. When such intention appears by giving the words their natural and ordinary meaning, technical rules of construction will not be invoked." Hale v. Davis, 170 Va. 68, 71, 195 S.E. 523, 524 (1938). See also Phipps v. Leftwich, 216 Va. 706, 710, 222 S.E.2d 536, 539 (1976). Similarly, in the absence of ambiguity, as here, parol evidence is inadmissible to determine the intent or meaning of the document. See, e.g., Langman v. Alumni Ass'n of the Univ. of Virginia, 247 Va. 491, 498, 442 S.E.2d 669, 674 (1994). Finally, no specific words of art are necessary to create an easement. Corbett v. Ruben, 223 Va. 468, 471, 290 S.E.2d 847, 849 (1982).

Applying these principles, we proceed to determine what the parties intended when they used the phrase "subject to" in the 1984 deed. The fundamental issue to be resolved is whether the deed language was sufficient to bring an easement into existence or whether the language merely acknowledged the easement as a previously existing right burdening the servient tract being conveyed. Under the circumstances of this case, we conclude that the language did not create a new easement.

The language at issue in this deed is not the normal

- 4 -

"boiler plate" language utilized to put a buyer on notice of preexisting encumbrances which may apply to the land. Because the 1984 deed again divided the 7.103-acre parcel and eliminated access to the public right of way from the Davis parcel, it is reasonable to assume that Parker, the grantor, intended to preserve a right of access for the interior parcel he retained. To accomplish this, Parker used the following language: "subject to . . . that certain easement of right of way <u>granted</u> <u>to</u> George J. Parker by deed . . . dated July 11, 1980." (Emphasis added). The referenced easement is described as one <u>previously</u> created. This language is consistent with acknowledging an existing right which is excepted from the transfer, thereby continuing an existing limitation on the grantee's fee simple ownership of the dirt road. It is inconsistent with creating or recreating a right not in existence and reserving that right for the grantor's benefit. <u>Cf</u>. <u>Corbett</u>, 223 Va. at 471, 290 S.E.2d at 849 ("hereby create and establish" sufficient to create easement).

Parker perhaps was unaware that the 1980 deed of easement was extinguished by merger when he acquired ownership of both the dominant and servient tracts; nevertheless, a mistaken belief cannot substitute for the requirement that the language evidence an affirmative intent to create new rights or reserve a new easement. We look to what the words express, not what the grantor may have intended to express. <u>Browning v.</u>

Bluegrass Hardware Co., 153 Va. 20, 26, 149 S.E. 497, 498-99 (1929).  Accordingly, considering the language of the deed and the circumstances in existence at the time the deed was executed, we hold that the 1984 deed did not create an express easement in favor of the Davis parcel.

### III.

Davis also argues that he is entitled to an implied easement by necessity across the dirt road.  We agree.  A right of way by necessity arises from an implied grant or implied reservation of an easement based on the common law presumption that a grantor of property conveys whatever is necessary for the beneficial use of the land conveyed and retains whatever is necessary for the beneficial use of the property retained. Fones v. Fagan, 214 Va. 87, 90, 196 S.E.2d 916, 918 (1973).  To establish an easement by necessity, a claimant must demonstrate that the severance of a parcel of land previously under common ownership created the need for access to a public right of way from one of the new parcels.  Reasonable need for the easement must be shown by clear and convincing evidence.  American Small Business Inv. Co. v. Frenzel, 238 Va. 453, 456, 383 S.E.2d 731, 734 (1989).

The record here clearly shows that both parcels were previously owned by Parker.  Furthermore, severance of the Henning/Cross parcel resulted in the need for access to Parker Lane from the Davis parcel.  The Davis parcel is bounded to the

west by the Henning/Cross parcel, to the south by a 6-lane limited access highway, and to the north and east by third-party property. Thus, the required elements of an implied easement by necessity are met.

Nevertheless, Henning and Cross argue that an implied easement by necessity cannot be established in favor of Davis for two reasons. First, they argue that the right to use the easement runs to the owner of the property and that neither Parker nor his estate have conveyed an interest in the easement to Davis. The record shows, however, that Parker conveyed to Davis "all the right, title, and interest" which he had "in and to" the Davis parcel through the indenture executed in 1982. As a result, Davis is entitled to utilize an easement created for the benefit of the Davis parcel.

Second, Henning and Cross assert that Davis' need to use the dirt road no longer exists. In July 1993, Davis leased the Davis parcel to William R. Shepherd, Jr., the owner of an automobile dealership abutting the eastern boundary of the Davis parcel. Pursuant to this lease, Davis conveyed all his rights to the Davis parcel to Shepherd, retaining only a right to inspect the property. Henning and Cross argue that Shepherd can cross his own property to access a public right of way from the Davis parcel and that Davis can exercise his inspection rights by accessing the Davis parcel through Shepherd's property as well. Thus, they conclude, an easement by

necessity fails because the necessity no longer exists. <u>Rhoton v. Rollins</u>, 186 Va. 352, 363, 42 S.E.2d 323, 328 (1947). Henning and Cross, however, mischaracterize the access rights available to Davis.

The terms of the lease do not provide the Davis parcel with any legal rights of access to a public right of way nor does Davis' right to inspect the parcel include a right to traverse Shepherd's property. Furthermore, the lease contains rights of repossession should Shepherd fail to comply with its terms. In light of Davis' residual interests in the property and the lack of an alternative method of ingress and egress, the need for access over the dirt road remains. Therefore, we hold that an easement by necessity exists in favor of the Davis parcel across the Henning/Cross parcel. This easement consists of the right to use the dirt road running from the Davis parcel to Parker Lane for purposes of ingress and egress. We note, however, that this easement is limited to the benefit of the Davis parcel only. <u>See</u> <u>Robertson v. Robertson</u>, 214 Va. 76, 81, 197 S.E.2d 183, 187 (1973).

IV.

In light of this holding, we need not address Davis' other assignment of error. Accordingly, we will affirm that portion of the judgment of the trial court holding that no express easement exists. We will reverse that portion of the judgment holding that no implied easement exists, vacate the injunction,

- 8 -

and enter final judgment in favor of Davis.

<u>Affirmed in part,</u>
<u>reversed in part,</u>
<u>and final judgment.</u>