COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Salem, Virginia


JUDY M. UNDERWOOD

MEMORANDUM OPINION[*] BY
v.    Record No. 2591-98-3          JUDGE RUDOLPH BUMGARDNER, III
                                    AUGUST 31, 1999
STEPHEN L. ANGLE


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                        Ray W. Grubbs, Judge

        J. Emmette Pilgreen, IV (Harvey S. Lutins;
        Harvey S. Lutins & Associates, on briefs),
        for appellant.

        Deborah Caldwell-Bono for appellee.


     Judy M. Underwood and Stephen L. Angle filed cross-appeals

to the circuit court's equitable distribution award.  The trial

court referred all issues to a commissioner in chancery, and

both parties excepted to the report.  The trial court affirmed

much of the report but reversed findings that the wife was

entitled to a credit for her premarital contribution to the

marital home and that the husband's stock in Christianburg Cash

Register Company was marital property.  Because it found the

stock was separate property, the trial court did not rule on the

commissioner's valuation of the stock.  The trial court also

increased spousal support awarded the wife to $1,200.

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

The wife appeals the court's (1) disallowing her a credit for her premarital interest in the parties' home, and (2) finding that the husband's stock was separate property.  The husband appeals (3) the commissioner's valuation of the stock in Christianburg Cash Register Company and (4) the order to pay $1,200 per month spousal support.  We affirm the trial court's disallowing the wife a credit for her equity in the house, reverse the classification of the husband's stock as separate property, and remand the case for reconsideration of the value of the stock and spousal support.

Equitable distribution awards will be upheld "unless it appears from the record that the trial judge has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in equities . . . ."  Blank v. Blank, 10 Va. App. 1, 9, 389 S.E.2d 723, 727 (1990).

We view the evidence in the light most favorable to the prevailing party below.  See Cook v. Cook, 18 Va. App. 726, 731, 446 S.E.2d 894, 896 (1994).  So viewed, the evidence established that the parties married in 1975, separated in 1994, and divorced in 1997.  One child was born of the marriage.  During the marriage, the husband was the main income provider and, though the wife occasionally worked part-time, she was

-

responsible for taking care of their son and for maintaining the marital home.

Before the marriage, the wife owned a house that later became the marital residence. The equity in the house at the date of marriage was $4,180. The parties used marital funds to reduce the indebtedness on the house. In 1986, the wife executed a deed of gift to the husband, titling the property jointly as tenants by the entirety with right of survivorship. In 1989, the parties created a $10,000 credit line against the marital home and in 1995, after their separation, the parties increased the credit line by $7,000, which the wife spent.

The commissioner ruled the premarital value of the house was the wife's separate property and gave her credit for $4,180. The trial court found that she gave the husband a half interest in the house and disallowed the credit. The wife does not dispute that she transferred an undivided interest in the house to the husband because she wanted him to have a part of it. She responded affirmatively to the question, "Was that kind of like a, just a gift from the heart kind of feeling?" She argues, however, that these are words of "limitation and equivocation."

"When separate property is retitled in the joint names of the parties, the retitled property shall be deemed transmuted to marital property. However, to the extent the contributed property is retraceable . . . and was not a gift, the retitled

-

property shall retain its original classification."  Code
§ 20-107.3(A)(3)(f) (emphasis added).

In order to claim an interest in the marital home by virtue
of a gift, the husband must prove the wife's donative intent as
well as the nature and extent of her intent.  See Lightburn v.
Lightburn, 22 Va. App. 612, 617, 472 S.E.2d 281, 283 (1996)
(citations omitted).  "We look to what the words express, not
what the grantor may have intended to express."  Davis v.
Henning, 250 Va. 271, 275, 462 S.E.2d 106, 108 (1995) (citation
omitted).  See Capozzella v. Capozzella, 213 Va. 820, 824, 196
S.E.2d 67, 70 (1973) (a deed intended for one purpose is
intended "for all purposes apparent on its face"); Rowe v. Rowe,
24 Va. App. 123, 137-38, 480 S.E.2d 760, 766-67 (1997).  The
court may consider the circumstances in existence at the time a
deed is executed, see Hill v. Brooks, 253 Va. 168, 177, 482
S.E.2d 816, 822 (1997); Davis, 250 Va. at 275, 462 S.E.2d at
108, and any ambiguity is construed against the grantor.  See
Phipps v. Leftwich, 216 Va. 706, 710, 222 S.E.2d 536, 539
(1976).

The court found that the wife intended to make an
unconditional gift of the house to the husband because of the
deed of gift.  The evidence supports this finding.  We conclude
that the court did not err when it disallowed the wife a credit
for her equity in the home before the marriage.

-

Next, we consider whether the court erred in classifying the stock in Christianburg Cash Register Company as the husband's separate property. The commissioner classified the stock as marital property; the trial court reversed. Where a commissioner's findings are disapproved, this Court "must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court." Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984).

Property acquired during the marriage is presumed to be marital property absent evidence to the contrary. See Code § 20-107.3(A)(2); Hart v. Hart, 27 Va. App. 46, 61, 497 S.E.2d 496, 503 (1998). "A partner in the marriage [owes] his labor during the marriage to the marital partnership. The fruits of that labor absent express agreement are marital property . . . ." Stainback v. Stainback, 11 Va. App. 13, 24, 396 S.E.2d 686, 693 (1990).

In order to rebut the marital presumption by proving a gift of separate property to him, the husband must prove the donative intent of his father at the time of the transfer by clear and convincing evidence. See id. at 17-18, 396 S.E.2d at 689; Dean v. Dean, 8 Va. App. 143, 146, 379 S.E.2d 742, 744 (1989). "'Where the evidence for and against the presumption are equal the presumption will prevail.'" Lambert v. Lambert, 6 Va. App. 94, 101, 367 S.E.2d 184, 188 (1988) (quoting Rowe v. Rowe, 144

-

Va. 816, 822, 130 S.E. 771, 772 (1925)). Moreover, when a donor transfers property in exchange for the donee's past consideration, the transfer cannot be classified as a gift. See id. at 100-01, 367 S.E.2d at 188.

In 1980, the husband began working for his family business, Christianburg Cash Register Company, and devoted all of his time to its success. He worked on average twelve hours a day "[a] lot of times seven days a week." The husband acquired a 25% interest in the business in 1985 and in 1991 had increased his interest to 49%. His brother had a 51% interest in the company.

The wife testified that in 1991 the husband told her that his father said he would sell the business to the husband and his brother. The husband testified that his father changed his mind and at a Christmas party told the husband and his brother, "I'll just give it to you because you've worked so hard and so long since 1980." The husband did not recall whether he told the wife about his father's change of mind.

In 1991 the father retired and made the last transfers of stock to the husband and his brother. The brothers began to pay him $1,600 per month in rent, after the business had previously paid him $800 per month as rent, for the building the company occupied. The wife testified that the husband told her that they were "paying their dad back for the business" and that at $1,600 per month, it would take "eight years to pay him off."

-

The corporate stock transfer ledger showed the transfers to the husband and his brother occurred in June 1985 and June 1991. The husband claims that both transfers were gifts of separate property from his father and that the stock ledgers are presumptively accurate. In the stock ledger, the column labeled "amount paid" contained an entry of a continuous line that ran through fourteen lines, although the ledger contained only thirteen transfers. The entry purported to show that no consideration was paid for the various transfers of stock that were dated from 1977 to 1991.

The wife claims that the stock was not a gift and that, having been acquired during the marriage, it is presumed marital property. She does not dispute that the husband had title to the stock. She contends, however, that the transfer ledgers were not clear and convincing evidence of the father's intent at the time of the transfer to give the stock to the husband as his separate property. In addition, she questions the weight of the evidence because the entry in the "amount paid" column appears to have been made at one time.

"The original share transfer books shall be prima facie evidence as to who are the shareholders . . . ." Code § 13.1-661(B). See Young v. Young, 240 Va. 57, 62, 393 S.E.2d 398, 400 (1990) (ownership as reflected in corporate records is prima facie correct, but not a verity). The stock ledger shows ownership. It does not show whether the stock was acquired as a

-

gift or for value, or whether it is marital or separate property.

The marital presumption applies because the stock was acquired during the parties' marriage.  See Stainback, 11 Va. App. at 24, 396 S.E.2d at 693.  Aside from the stock ledger and his own testimony, the husband produced no evidence of his father's donative intent at the time of either the 1985 or 1991 transfers.

The commissioner relied on the increase in rent paid to the father beginning in 1991 and the wife's testimony that the husband and his brother were paying their father for the company as evidence that the stock was not a gift.  In addition, the husband's evidence supports a finding that the stock was given in exchange for his hard work with the company, which makes it marital property.  See Lambert, 6 Va. App. at 101, 367 S.E.2d at 188.  See also Brett R. Turner, Equitable Distribution of Property § 5.16 (2d ed. 1994).

"[D]ue regard must be given to the commissioner's ability, . . ., to see, hear and evaluate the witnesses at first hand." Hill, 227 Va. at 577, 318 S.E.2d at 297.  See also Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). We conclude, therefore, that the court erred in reversing the commissioner's classification of the stock as marital property because the husband failed to prove by clear and convincing evidence that his father gave him the stock.

-

The commissioner valued the stock of the corporation at $40 per share, which was the value assigned to it by the wife's expert. The husband's witness, the corporation's accountant, testified the business had no value. The trial court made no ruling on the commissioner's finding of value because it held the stock was separate property.

The commissioner's findings come to the trial court with a presumption of correctness, but the trial court has discretion to determine the value of the husband's stock where conflicting expert testimony is offered. See Rowe, 24 Va. App. at 140, 480 S.E.2d at 768; McDavid v. McDavid, 19 Va. App. 406, 413, 451 S.E.2d 713, 718 (1994). Accordingly, we remand this issue to the trial court in order for it to rule on the commissioner's valuation of the husband's stock.

Finally, the husband argues that the trial court erred in awarding spousal support in the amount of $1,200 per month. Because we remand for reconsideration of the value of marital property, the trial court will have to reconsider its support award. See Code § 20-107.1(E)(8). Accordingly, we do not address this issue, but remand it for reconsideration.

For the foregoing reasons, we affirm disallowing the wife a credit for her equity in the house, reverse the classification of the stock in Christianburg Cash Register Company as the

-

husband's separate property, and remand the case for
reconsideration of the value of the stock and spousal support.

<u>Affirmed in part</u>,
<u>reversed in part</u>,
<u>and remanded.</u>
