# CIRCUIT COURT OF MADISON COUNTY

Earl W. Estes, Jr., et al.

v.

Kenneth D. Powell et al.

June 22, 2007

Case No. CH04003402-00

BY JUDGE DANIEL R. BOUTON

I am writing to advise you of the court's rulings on the plea in abatement and the two demurrers that remain outstanding in connection with the above referenced case.

## The Plea in Abatement

Two separate issues are raised by the plea. The first one is whether an actual or justiciable controversy exists between the plaintiffs and the defendant. The second issue is whether relief can be granted under the declaratory judgment statute because other remedies, such as a request for an injunction, are available to the plaintiffs.

Turning to the first issue, the pleaded facts must set forth an actual or "justiciable" controversy between the plaintiffs and the defendant. Such facts must set forth "specific adverse claims" that are "ripe for judicial adjustment."

*Blue Cross v. St. Mary's Hospital*, 245 Va. 24, 426 S.E.2d 117 (1993); *Mosher Steel-Virginia v. Teig*, 229 Va. 95, 327 S.E.2d 87 (1985); *City of Fairfax v. Shanklin*, 205 Va. 227, 135 S.E.2d 773 (1964). Here, the plaintiffs claim an easement in a certain location on a tract of real property owned by the defendant. On the other hand, the defendant denies that such an easement exists for the benefit of the plaintiffs. The plaintiffs assert that they have used the disputed access and that the defendant has blocked the access. The defendant argues that, based on the facts contained in the pleadings before the court, any harm to the plaintiffs resulted from actions that are alleged to have occurred in the past. Therefore, since the wrong complained of has been completed, other legal redress is available to the plaintiff to address the disputed facts set forth in the complaint.

Nonetheless, in the court's view, the pleaded facts are sufficient to conclude that a "justiciable" controversy between the parties has been sufficiently alleged. A review of the pleadings demonstrates that, unless the court resolves this dispute, the legal rights of the parties with respect to the use of the road will remain unsettled. This would give rise to uncertainty over what rights, if any, can be asserted by the parties. Since the dispute involves the use of a road, the uncertainty could result in constant or frequent turmoil. The purpose of the declaratory judgment statute is to afford relief over controversies that involve the legal rights of the parties and to provide relief from the uncertainty that arises out of such controversies. *Treacy v. Smithfield Foods, Inc.*, 256 Va. 97, 500 S.E.2d 503 (1998). As a result, the court concludes that the declaratory judgment statute can be applied in this case.

With regard to the question of other remedies, there is some authority that suggests that the statute should not be invoked when another type of action is available to resolve the dispute. See *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 497 S.E.2d 744 (1998). However, this principle appears to be limited to those cases in which a litigant attempts to utilize the declaratory judgment statute to have litigated and resolved a single disputed factual issue. In contrast, when a proceeding is brought under the statute in order to have determined the legal rights of the parties, the cases decided by the Virginia Supreme Court indicate that declaratory judgment is a proper remedy. In the present case, the dispute does not turn on one dispositive factual question. Rather, as noted above, the plaintiff here seeks to have declared the rights of the parties with respect to the use of the disputed road.

In addition, it must be stressed that, in many decided cases, relief was granted under the declaratory judgment statute even though the remedy of injunctive relief was also available. *River Heights Associates v. Batten*, 267 Va. 262, 591 S.E.2d 683 (2004); *Hoffman Family, L.L.C. v. Mill Two*

*Associates,* 259 Va. 685, 529 S.E.2d 318 (2000); *Cupp v. Board of Supervisors,* 227 Va. 580, 318 S.E.2d 407 (1984); *Moody v. Lindsey,* 202 Va. 1, 115 S.E.2d 894 (1960). While the issue raised by the defendant here may never have been directly addressed in these cases, it also important to note that there is nothing about the reasoning or the rationale of any reported decision that suggests that reliance on the declaratory judgment statute under the circumstances here would be improper. Moreover, § 8.01-184 states that an action for declaratory judgment is available "whether or not consequential relief is, or at the time could be, claimed. . . ." Furthermore, § 8.01-186 provides the court with the authority to grant further relief in any declaratory judgment order "whenever necessary or proper." Finally, in promulgating the statute, the legislature provided some specific examples of the types of cases that are appropriate for declaratory judgment. Such examples include controversies "involving the interpretation of deeds . . . and other instruments of writing. . . ." In this case, there exists a controversy over the interpretation of a number of documents that are relevant to the dispute.

As a result of the above discussion, the court finds that the declaratory judgment statute can be invoked in this case. Therefore, the plea in abatement will be denied.

### The Demurrer to Count I

This count is based exclusively on the deed of the United States of America dated August 31, 1944. The plaintiffs claim that the deed created an express easement for the benefit of the public. In his demurrer, the defendant asserts that there is no language of grant in the deed that conveys any easement to the public.

A similar issue was raised in the case of *Davis v. Henning,* 250 Va. 271, 462 S.E.2d 106 (1995). There, the Supreme Court of Virginia addressed the same language that is in dispute in the present case: the phrase "subject to". The court said that this phrase does not "generally" create affirmative rights. *Id.,* at 274. However, the court went on to explain that, when deeds are construed, "it is the duty of the court to ascertain the intention of the parties, gathered from the language used, and the general purpose and scope of the instrument in the light of surrounding circumstances. When such intention appears by giving the words their natural and ordinary meaning, technical rules of construction will not be invoked. Similarly, in the absence of ambiguity, as here, parol evidence is inadmissible to determine the intent or meaning of the document. Finally, no specific words of art are necessary to create an easement." *Id.,* at 274-75 (citations omitted).

Applying the above principles, the court will overrule the demurrer. Whether the phrase "subject to" created an express easement here must be determined based on all of the language in the deed and the surrounding circumstances. Under this theory of relief, the claim is sufficiently pleaded.

In ruling on this point, the court should also note that this count is premised on an easement "for the use of the public by clear and unambiguous language." (Amended Complaint,¶ 14.) The plaintiffs claim no ambiguity regarding the language of the instrument. Therefore, parol evidence and technical rules of construction would be irrelevant and will play no role in the ultimate resolution of this count. The intention of the parties under this count must be determined from the language that was used by them. The only other relevant evidence, if any can even be elicited, would pertain to "the general purpose and scope of the instrument in light of the surrounding circumstances."

### The Demurrer to Count III

A number of cases have set forth the elements that must be proven in order to establish an easement by necessity. In *American Sm. Business Investment Co. v. Frenzel*, 238 Va. 453, 383 S.E.2d 731 (1989), the Supreme Court of Virginia described them as follows:

> To establish a right of way by necessity certain conditions must be met. First, the land must have been under common ownership at some time and this unity of title must have been severed. The severance must have given rise to the need for the right of way. Reasonable need for the easement must be proved by clear and convincing evidence. . . .

*Id.*, at 456.

In paragraphs twenty-seven through thirty of Count III of the Amended Complaint, the elements for an easement by necessity are adequately pleaded. Therefore, the demurrer will be overruled.

With regard to the defendant's argument that the roadway at the time of severance has not been properly identified and described, the court has found no case that requires this to be alleged in the pleadings. Nevertheless, the existence of the access on the ground at the time of severance must still be established in order for the plaintiffs to prevail on this theory. When a parcel of land is severed, two separate tracts are created: the newly created tract that is conveyed and the newly created tract that is retained. Under Virginia law, it

is the severance that gives rise to the easement by necessity. Specifically, the easement arises from the implied need to use the access that existed at the time of severance for the benefit of the land that has been conveyed. Therefore, when litigants such as the plaintiffs in this case allege a severance of a common parcel of land and state that the severance gives rise to the need for a right of way that is reasonable, the litigants are effectively claiming the existence of some form of access on the ground. A careful reading of the law demonstrates that the location of the roadway need not be set forth in the pleadings.

However, whether the pleadings meet the minimum requirements for claiming an easement by necessity is separate and apart from the evidence that might be available to prove it. Here, whether any evidence can be produced to establish the use of a specific road or an access at the time of severance is not raised by the demurrer. Should such evidence (or the lack thereof) be developed by the discovery process or by a motion for a bill of particulars, the issue could be resolved on a pretrial basis by a motion for summary judgment. In the court's view, however, the count should not be dismissed on demurrer.

## Conclusion

As a result of the above, the court will deny the plea in abatement. The court will also overrule the demurrer to Count I and to Count III.