# CIRCUIT COURT OF FAUQUIER COUNTY

Piedmont Environmental Council

v.

Martha Michael Malawer,
t/a Piedmont Agriculture Academy

January 28, 2010

Case No. (Civil) CL09401-01

BY JUDGE JEFFREY W. PARKER

This matter comes before the Court on a Plea in Bar and Demurrer, which was briefed and argued before the Court. All the issues presented in the Plea and Demurrer were resolved by agreement or orally from the Bench, with the exception of the issue of merger, which was retained by the Court and taken under advisement. The Court is now prepared to rule on this issue.

*Background*

This matter concerns certain real property located in the Marshall Magisterial District, which was conveyed to the Defendant by Deed of Gift and allegedly subject to an easement in favor of the Virginia Outdoors Foundation and the Piedmont Environmental Council (PEC). The plaintiff in this proceeding recorded a Deed of Gift of Easement made the 26th day of July 2006 immediately prior to the conveyance of the property to Martha Michael Malawer, the Defendant's predecessor in title. The property is allegedly titled in the name of Piedmont Agriculture Academy. There was a dispute over the legal status of Piedmont Agriculture Academy. This issue is being resolved between counsel and is not determinative of the present matter before the Court. The referenced Deed

of Easement, which is attached to the Complaint, expresses in great detail the reason behind the easement and the rights and interests retained by the grantor. In the said easement, the PEC is not only the grantor, but also one of the grantees (styled "additional grantee") together with the Virginia Outdoors Foundation. The subject easement is a negative easement in gross conveyed to protect scenic, natural, agriculture, and open space values of properties in a manner that permits continued private ownership of land while fulfilling public conservation purposes; and further it conveys to the PEC "the right to preserve and protect the conservation values of the property in perpetuity." (Preamble, p. 3, Deed of Gift of Easement.)

It is the position of the Defendant in this matter that the Grantor had the legal inability under the doctrine of merger to create this easement as the law does not allow a holder of a fee simple interest and an easement to be one and the same person. For the reasons set forth herein, the Defendant's Plea in Bar will be overruled on this issue.

## Discussion

A basic common law rule of real property deed construction is that existing easements are extinguished by operation of law if ownership of the dominant and servient estates becomes united in one person. *Read v. Jones*, 152 Va. 226, 231, 146 S.E. 263 (1929).

Despite the fact that the *Read* case is over eighty years old, it is still good law, as demonstrated by *Davis v. Henning*, 250 Va. 271, 462 S.E.2d 106 (1995), which held that, when the holder of a tract of land with a right of way acquires a servient estate, the easements are merged and extinguished. However, it is interesting to observe in the *Davis* case that, although the express easement was extinguished, an implied easement of necessity was found to exist in favor of the dominant tract

This holding demonstrates, in the Court's view, the common sense approach associated with this type of analysis. In the *Read* Case, the Supreme Court held that:

> Easements are, by their nature, rights possessed by the owner
> of one piece of land in another piece of land belonging to a
> different person; if, therefore, the *seisin* of the two pieces is
> united in one owner, the right must necessarily cease to be an

easement, for it becomes one of the rights of property to which *all* owners of land are entitled.

152 Va. at 232 (emphasis added).

This analysis stands in contrast to what occurred in the situation in question. Here, there never was the relationship of a servient to a dominant tract. The clear intent of the parties was the creation of a detailed conservation easement in perpetuity, so as to protect the scenic value of the real estate for the general public. This contrasts with a scenario in which, some years later, the owner of dominant and servient tracts became one and the same, thus eliminating the need or purpose for the easement

These deeds were recorded at virtually the same time with the clear intent of the grantor to retain the right to enforce the scenic easement for a public purpose. Further, this easement was recorded jointly to both the PEC and the Virginia Outdoors Foundation. While the PEC is the primary enforcer of this easement, it was not the sole party receiving the benefit of this easement. More significantly and most importantly, this type of easement in gross is a recent creature of the law, created statutorily in an effort to facilitate this type of conservation. Under the Virginia Open Space Land Act of 1966, Va. Code, Chapter 17, Title 10.1, *et seq.*, the Virginia Conservation Act, Va. Code § 10.1-1009 *et seq.*, The Virginia Outdoors Foundation, as a grantee, was authorized to hold these particular easements in conformity with Chapter 18, Title 10.1, of the Virginia Code.

Unlike right of way easements that are merged as demonstrated in the *Read* case, a conservation easement is a "a non-possessory interest of a holder in real property, whether easement appurtenant or in gross. . . ." a purpose of which is to preserve "the historical, architectural, and archeological aspects of real property." Va. Code § 10.1-1009. "An easement in gross is an easement with a servient estate, but no dominant estate. It is an easement personal to the grantee." *Vepco v. Northern Va. Regional Park Auth.*, 270 Va. 309, 316, 618 S.E.2d 323 (2005).

It is true that easements in gross were previously disfavored in the law, but, since the enactment of Va. Code § 55-6 recognizing easements in gross, whether affirmative or negative, "[i]t is self-evident that this statute materially changed the common law and recognized interests in or claims to real estate beyond those traditionally recognized at common law." *United States v. Blackman*, 270 Va. 68, 80, 613 S.E.2d 442 (2005). The *Blackman* case provides an excellent discussion of the history of easements in gross and conservation easements in particular. For an easement to be treated as being in gross, the deed or other instrument

granting the easement must plainly manifest that the parties so intended. 270 Va. at 77. The deed in question goes into great detail, over three and a half pages long, setting forth this very intention.

It is evident from the discussion in *Blackman* that such easements are not subject to the typical common law analysis of merger, as would be appropriate to rights of way between two adjoining tracts. In the *Davis* case, *supra*, cited by the Defendant, the Court stated "In construing deeds, it is the duty of the Court to ascertain the intention of the parties gathered from the language used and the general purpose and scope of the instrument in the light of surrounding circumstances." 250 Va. at 274. In light of the language used and the circumstances of this situation, it is overwhelming clear that the intention of the parties was to create a conservation easement in the described parcel, subject to the conditions contained therein.

While the construction and interpretation of these conditions remain to be determined by the Court, the validity and applicability of the easement to this parcel is evident. Therefore, the Court denies the Plea in Bar and will direct the Defendant to fully answer the pleading within twenty-one days from the entry of the Order overruling the Demurrer.